IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ARLLEN W. JACOBSON,

    Plaintiff,

vs.                              Case No. 4:06cv500-MP/WCS

SOCIAL SECURITY
ADMINISTRATION, et al.,

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a "motion to proceed with amended civil rights complaint," doc. 6, and an amended civil rights complaint, doc. 7. Plaintiff's amended complaint has been reviewed.

Plaintiff believes that unknown persons in the Social Security Administration office violated his rights under the First, Fifth Seventh, and Fourteenth Amendments. Plaintiff also claims his rights under the ADA were violated, as well as several Florida laws. Doc. 7. It appears that Plaintiff received a letter from the Social Security Administration indicating Plaintiff was overpaid and owes $31,291.00 to the government. *Id.* Plaintiff went to the Social Security Administration office several times and claims that several persons laughed at him and hurt his feelings. It is apparent that

Plaintiff feels he was not treated with dignity and respect and that the way he was treated was because he suffers from a mental illness.  *Id.*  Plaintiff's factual allegations, however, reveal that Plaintiff was given instructions about the various forms he needed to file with the Social Security Administration and directed to provide certain documents in support of those forms.  Although one person from the Tallahassee Social Security Administration office did not help Plaintiff fill out the necessary forms, she did make an appointment for Plaintiff to come back to the office.  When Plaintiff returned for his appointment, he presented his completed, signed papers.  The individual assisting Plaintiff at that time, "James," pointed out to Plaintiff several items that were not correct and Plaintiff's feelings were "hurt" and "in [his] mind Plaintiff felt hurt because of that this Social Security Representative said to him."  *Id.*  The representative told Plaintiff what papers he needed to bring in to obtain a request for waiver of the overpayment.  Plaintiff left and returned later that day with the documents.  Plaintiff states that he "felt in his mind" that the Representatives were "discriminating" against him, but the Representative took Plaintiff's papers and told Plaintiff he would recommend that Plaintiff's waiver be granted and other people in the Social Security Administration would be looking into the matter.  *Id.*  As Plaintiff left, the representative told Plaintiff he hoped Plaintiff got better, so Plaintiff "stayed around this Social Security Administration Office for about 25 minutes after this to talk with people inside and outside about what they heard and saw . . . ."  *Id.*

Although Plaintiff complains about the way he was treated at the Social Security Administration office, Plaintiff has not presented any allegations of harm.  Indeed, the last representative Plaintiff saw told Plaintiff he would be recommending that Plaintiff's

request for a waiver be granted.  Rude, impolite, or even offensive conduct by an agent of the United States does not, by itself, violate any provision of the United States Constitution.  <u>Daniels v. Williams</u>, 474 U.S. 327, 332, 106 S.Ct. 662, 665 (1986) (stating, "Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society.").  Moreover, Plaintiff was not denied any government benefit due to his perceived disability. Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted..

Accordingly, it is **RECOMMENDED** that Plaintiff's amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that the motion to proceed, doc. 6, be **DENIED**, and the clerk of court be directed to enter judgment in Defendant's favor.

**IN CHAMBERS** at Tallahassee, Florida, on November 20, 2006.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**